UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY L. FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00306-JMS-MKK |
| | ) | |
| T. RULE, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Ruling on Pending Motions, Dismissing, Case
and Directing Entry of Final Judgment**

On September 11, 2023, the Court ordered Plaintiff Anthony Fletcher to show cause why
his motion for emergency injunction should not be denied and why this case should not be
dismissed as moot. Dkt. 33. The defendant followed with a motion to dismiss. Dkt. 35. For the
reasons stated in this Order, all pending motions in this case are **denied as moot**, and this case is
**dismissed for lack of jurisdiction** because it is moot.

## I.      Background

Mr. Fletcher initiated this case by filing a complaint. Dkt. 1. At the time, he was
incarcerated at the Federal Correctional Institution in Terre Haute ("FCI Terre Haute"). The
complaint was difficult to understand and included descriptions of factually unrelated events
involving different sets of defendants. It also did not include a request for relief as required by
Federal Rule of Civil Procedure 8(a)(3), although Mr. Fletcher contemporaneously filed a motion
for emergency injunctive relief requesting an injunction requiring that he be placed in protective
custody to protect him from the threat he faced from non-protective custody inmates who wished
to harm him because he is a convicted sex offender. *See* dkt. 4. Mr. Fletcher had also previously
"struck out," meaning that he could only proceed *in forma pauperis* if he was under imminent

danger of serious physical injury. 28 U.S.C. § 1915(g). At screening, the Court noted that it normally would strike the complaint because it was a "buckshot" complaint that should be rejected under Seventh Circuit precedent. Dkt. 10 at 6 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Nonetheless, because of the serious nature of the allegations and the pendency of the motion for emergency injunctive relief, the Court allowed Mr. Fletcher to proceed *in forma pauperis* with one claim: a claim for prospective injunctive relief against the warden of FCI Terre Haute in his official capacity seeking an injunction to protect Mr. Fletcher from the danger he allegedly faced from non-protective custody inmates as a result of his status as a sex offender. *Id.* at 7.

A few weeks later, Mr. Fletcher filed a motion for leave to amend, contending that about 15 pages of his complaint had—for unknown reasons—not been transmitted to the Court. Dkt. 19. The Court granted the motion and gave Mr. Fletcher until August 28, 2023, to file an amended complaint. Dkt. 23. The Court emphasized that Mr. Fletcher would only be allowed to proceed in this action with properly joined claims and that he would not be allowed to proceed *in forma pauperis* on any claims unless he could show that he was in imminent danger of serious physical injury. *Id.* The Court reiterated those directions in another order issued less than a week later. Dkt. 26.

On September 1, 2023, Mr. Fletcher filed a motion making it clear that he had been transferred away from FCI Terre Haute and was currently housed at the Federal Transfer Center in Oklahoma City. Dkt. 32. At that point, the Court ordered Mr. Fletcher to show cause why his motion for emergency injunction should not be denied as moot and this case dismissed because it was moot. Dkt. 33. The Court explained that the warden of FCI Terre Haute no longer had responsibility for Mr. Fletcher's safety. In addition, Mr. Fletcher's claims that he would be in

danger at his ultimate destination—FCI Gilmer—were speculative and, in any event, would have to be pursued in his new district of confinement. *Id.* The Court also extended the deadline for Mr. Fletcher to file an amended complaint in this case, emphasizing that—given his transfer—he was limited to pursuing claims for damages based on events that occurred during his time at FCI Terre Haute. *Id.* On the same day the Court issued its order, the defendant filed a motion to dismiss the case as moot and filed a response arguing that the motion for emergency injunction should be denied as moot. Dkts. 35, 37.

Two days later, the Court received notice that Mr. Fletcher had been transferred to FCI Gilmer. Dkt. 38. Several days later, Mr. Fletcher filed a motion for status update and a copy of the docket sheet for this case. Dkt. 40. The Court granted the motion and explained that the docket sheet reflected all the filings it had received from Mr. Fletcher. *Id.* It also *sua sponte* extended the deadline for Mr. Fletcher to file a response to the Show-Cause Order and to file an amended complaint. *Id.* Over the course of the next month, Mr. Fletcher filed two motions for more time to respond to the Show-Cause Order, respond to the motion to dismiss, and file an amended complaint, both of which were granted. Dkts. 41–44.

On November 9, 2023, the Court received a document titled "Motion for Rule to Show Cause for Obstruction of United States Mail and Access to the Courts." Dkt. 45. In the motion, Mr. Fletcher asks the Court to order FCI Gilmer and some of its staff to show cause why they should not be found in violation of "obstruction of justice statute 18 United States Code: for obstruction of plaintiff's access to the courts and obstruction of the mails." *Id.* at 1. He then explains that he drafted documents in compliance with the Court's previous orders but was unable to copy and mail them in time to respond to the Court's deadlines. He also provides details about the circumstances related to his copying and mail problems at FCI Gilmer, noting that they are

3

"documented in the [2nd Amended] civil rights complaint" *Id.* at 4 (brackets in original). The motion also refers to "Exhibit A [attached] civil rights complaint exhibit." *Id.* at 5 (brackets in original). The remainder of the motion sets forth Mr. Fletcher's allegations that FCI Gilmer staff are violating the law and obstructing his access to the courts. Mr. Fletcher included multiple exhibits with his motion: (1) an affidavit from another inmate, dkt. 45-1 at 1–2; (2) a "Motion for Rule to Show Cause for Obstruction of United States Mail" complaining about problems he had with mail at FCI Terre Haute and asking the Court to order the defendant and another staff member at FCI Terre Haute to show cause why they should not be found in violation of "obstruction of justice and obstruction of mails statues at 18 United States Code," *id.* at 4–8; (3) a "Motion for Subpoena Duces Tecum" asking the Court to order the production of certain documents and video footage that he contends would reveal falsities in the declaration the defendant used to support his motion to dismiss, *id.* at 10–14; (4) a "Combined Response to Defendant's Opposition to Preliminary Injunction and Defendant's Motion to Dismiss," *id.* at 16–30; and (5) a motion to strike the declaration the defendant submitted in support of its motion to dismiss, *id.* at 31–44. No amended complaint was included in the mailing. Because it appears that Mr. Fletcher wants the Court to consider the motions and response he included as exhibits, the Court has docketed them as separate documents and addresses them, below.

## II.    Motion for Emergency Injunction

It is undisputed that Mr. Fletcher has been transferred twice and is no longer incarcerated at FCI Terre Haute. Instead, he is incarcerated at FCI Gilmer, which is located in the Northern District of West Virginia. Once Mr. Fletcher was transferred the first time, the conditions at FCI Terre Haute ceased to exist, mooting his motion. Dkt. 33 at 3 (citing *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("when a prisoner seeks injunctive relief for a condition specific to that

particular prison is transferred out of that prison, the need for relief . . . becomes moot")). While Mr. Fletcher might contend that the conditions at FCI Gilmer place him in danger and violate his constitutional rights, the defendant in this case—the warden of FCI Terre Haute—has no ability to change those conditions. Instead, as the Court has already informed Mr. Fletcher, if he wants to challenge his conditions at FCI Gilmer, he needs to file a new action in the appropriate district. *See id.* (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (the proper defendant in a suit for injunctive relief is the person responsible for ensuring that any injunctive relief is carried out)). And, indeed, the Court takes judicial notice that Mr. Fletcher has taken the Court's advice and has filed a new lawsuit in the Northern District of West Virginia, which was accompanied by another motion for emergency injunction. *See Fletcher v. Garland*, No. 3:23-cv-00230-GMG-RWT (N.D. W. Va.); *see also Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (noting that courts routinely take judicial notice of court filings from other courts). For all of these reasons, Mr. Fletcher's motion for emergency injunction, dkt. [4], is **denied as moot**.

### III.   Dismissal of Case

As explained, the only claim pending in this case is Mr. Fletcher's claim for injunctive relief against the warden of FCI Terre Haute based on the danger he faced while housed there. The mooting of his claim for injunctive relief means that are no other claims pending in this case—that is, that there is no live case or controversy, and this Court has no jurisdiction over the case. *See Clark v. Galipeau*, No. 22-2927, 2023 WL 4759312 (7th Cir. July 26, 2023) (dismissing case as moot where plaintiff sought only injunctive relief and was transferred to different prison).

Mr. Fletcher's "Combined Response to Defendant's Opposition to Preliminary Injunction and Defendant's Motion to Dismiss" lists eight items as "live case controversy," but they all relate to issues that occurred in the past while he was incarcerated at FCI Terre Haute. Dkt. 50 at 2–11.

Mr. Fletcher might be able to pursue claims for damages as to some of those allegations (after paying the full filing fee), but he cannot pursue claims for injunctive relief, which are the only claims pending in this action. The Court reiterates that, despite giving Mr. Fletcher multiple opportunities and extensions, it has never received an amended complaint from Mr. Fletcher setting forth claims for damages. This is true even though one of his recent filings lists an amended complaint as an exhibit. And, even if Mr. Fletcher had submitted an amended complaint setting forth claims for damages, he is no longer "under imminent danger of serious physical injury" as to those claims because he is not incarcerated at FCI Terre Haute anymore. Because he has previously accumulated three "strikes" under 28 U.S.C. § 1915(g), he cannot pursue those claims unless he pays the $402.00 filing fee, which he has not done, despite being told more than once that he would need to do so, as set forth above. Moreover, Mr. Fletcher's descriptions of his purported amended complaint suggest that he is still trying to proceed on an improper "buckshot" complaint that includes misjoined claims about events at FCT Gilmer, despite the fact that he has been told more than once that he must file separate actions for claims against different defendants based on different series of events. *See, e.g.*, dkt. 45 at 5 ("Whereby, employee C/O counselor Ice[1] committed an act of [retaliatory] denial of access to the court, to legal copies, and to outgoing legal mail collection; and [tacitly] committed the act of [retaliatory] coercion of a protective custody inmate (the plaintiff) into a known risk (Exhibit A [attached civil rights complaint exhibits) for physical danger and bodily harm in the general population of F.C.I. Gilmer, West Virginia." (brackets and parentheses as in original)).[2]

---

[1] Counselor Ice is identified as a counselor at FCI Gilmer. Dkt. 45 at 4.

[2] The Court also takes judicial notice that the complaint Mr. Fletcher filed in the Northern District of West Virginia names more than 30 defendants and covers events that happened at FCI Terre Haute, the federal transfer center in Oklahoma City, and FCI Gilmer. *Fletcher v. Garland*, No. 3:23-cv-00230-GMG-RWT, dkt. 1 (N.D. W. Va. Nov. 8, 2023).

Mr. Fletcher appears to try to avoid this conclusion by suggesting that he is in imminent danger of serious physical injury at FCI Gilmer because the warden of FCI Terre Haute directed that he be transferred there. Dkt. 45 at 11. But, again, claims about any imminent danger he faces at FCI Gilmer must be raised in the Northern District of West Virginia, not here. And the fact that his transfer away from FCI Terre Haute was followed by his transfer to another facility that is also allegedly failing to provide adequate protection for him does not transform his complaints about conditions at FCI Terre Haute and his complaints about conditions into FCI Gilmer into the same series of events for purposes of Rules 18 and 20.

As it stands, then, there is no live case or controversy in this case, nor is there any indication that Mr. Fletcher has complied with the Court's orders to file an amendment complaint that does not include misjoined claims. Accordingly, this case is **dismissed for lack of jurisdiction**. The defendant's motion to dismiss, dkt. [35], is **denied as moot**, which, in turn, means that Mr. Fletcher's motion to strike the declaration used to support the motion to dismiss and his motion for a subpoena to pursue discovery related to that declaration, dkts. [47] and [49], are **denied as moot**. Mr. Fletcher's motions asking the Court to order various people to show cause why they should not be held in violation of federal criminal law for interfering with his mail, dkts. [45] and [48], are also **denied as moot**. The Court notes, too, that even if these motions were not moot, they would be due to be denied because Mr. Fletcher may not use this civil action to commence criminal charges against staff at FCI Terre Haute or FCI Gilmer. Only the United States may commence federal criminal charges and a private individual has no right to compel such a prosecution. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (holding that inmates lacked standing to force issuance of arrest warrants of correctional officers for beatings); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (private persons generally have no right to enforce criminal statutes or to sue under

them unless the statute also creates a private right of action. (Posner, J., concurring), *cert denied*, 502 U.S. 1035 (1992).

## IV. Conclusion

In summary, all pending motions in this case, dkts. [4], [35], [45], [47], [48], and [49], are **denied as moot** for the reasons stated above. This case is **dismissed for lack of jurisdiction**. Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**


Date: 12/11/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


Distribution:

ANTHONY L. FLETCHER
13596-026
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov